# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil No. 3:08-CV-564-TS |
| | ) | |
| ESTATE OF JANET PARRISH by MICHELLE PETERS, PERSONAL REPRESENTATIVE, | ) ) | |
| | ) | |
| MICHELLE PETERS, | ) | |
| | ) | |
| UNKNOWN HEIRS, DEVISEES, LEGATEES, SUCCESSORS, EXECUTORS, ADMINISTRATORS, PERSONAL REPRESENTATIVES, GUARDIANS, TRUSTEES, RECEIVERS, GRANTEES AND LESSEES OF JANET PARRISH a/k/a JANET M. PARRISH (DECEASED), | ) ) ) ) ) ) | |
| | ) | |
| RAYMOND PARRISH, | ) | |
| | ) | |
| UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, | ) ) | |
| | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Summary Judgment [DE 11], filed on July 23, 2009. The Plaintiff's Motion seeks summary judgment against the Estate of Janet Parrish by Michelle Peters, the personal representative; unknown heirs, devisees, legatees, successors, executors, administrators, personal representatives, guardians, trustees, receivers, grantees and lessees of Janet Parrish a/k/a Janet M. Parrish (deceased); Raymond Parrish; and unknown owners and non-record holders.

On April 24, 2009, the Clerk of this Court filed an Entry of Default [DE 11], entering judgment for the Plaintiff as a result of the Defendants' failure to plead or otherwise defend as

provided by Federal Rule of Civil Procedure 55(a). The Plaintiff has also shown to the satisfaction of this Court that the Defendants have been duly served, by certified mail and by publication, as evidenced by the Declaration [DE 9-2] filed in the record.

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

Local Rule 56.1(b) sets forth the non-moving party's responsibility under a motion for

summary judgment:

> In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.

N.D. Ind. L.R. 56.1(b). Thus, to the extent that a non-moving party fails to object to the moving party's statement of material facts, this Court will construe the non-moving party's silence as admissions and take the uncontested facts from the movant's brief as admitted to exist without controversy. *See Bradley v. Work*, 154 F.3d 704, 707–08 (7th Cir. 1998) (citing *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir. 1994) (collecting cases where we have "repeatedly upheld the strict enforcement" of Local Rule 56.1); *Kunik v. Racine County*, 106 F.3d 168, 174 (7th Cir. 1997); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995)).

The Plaintiff has filed its Motion for Summary Judgment, but the Defendants have not responded or otherwise opposed the Plaintiff's Motion and the time for responding has now passed. Accordingly, the Court finds that the Plaintiff has established that each and every material allegation of its Complaint is true in substance and in fact and that the Plaintiff is entitled to the relief therein prayed for. Therefore, the Court GRANTS the Plaintiff's Motion for Summary Judgment [DE 11].

1. That the Plaintiff, The United States of America, have and recover from Defendant Parrish a judgment in the amount of $98,386.98 (which consists of $65,842.26 outstanding principal, $19,711.86 interest credit subject to recapture, and accrued interest of $12,832.86 as of August 19, 2008, with interest accruing from August 19, 2008, at the daily rate of $12.9109, until the date of

judgment). This judgment amount, together with the costs incident to this suit and judicial sale of the real estate, shall accrue interest from the date of judgment at the legal rate of .39%, computed daily and compounded annually until fully satisfied. The judgment granted the United States is *in rem*.

2.  That the repayment of the entire judgment amount, described in paragraph 1 above, is secured by the mortgage sought to be foreclosed in this suit.

3.  That the Plaintiff is entitled to foreclose its mortgage on the real property described in paragraph 4 below, which was pledged by Defendant Parrish as security for the indebtedness to the Plaintiff.

4.  That the equity of redemption, and any and all interest of Defendant Parrish, and all persons claiming by, through or under them in and to the following real estate located in Starke County, State of Indiana, to-wit:

    > Lots 5 and 6 of Block F in the First Addition of Pine Grove Subdivision, recorded in Plat Book 2, page 225, in the Office of the Recorder of Starke County, Indiana, being part of the Southeast Quarter of Section 31, Township 33 North, Range 1 West of the Second Principal Meridian.
    >
    > Commonly known as: 2855 South Pinewood Drive
    > Knox, Indiana 46534

    be and the same is hereby forever barred and foreclosed.

5.  That the aforementioned real estate and all right, title, and interest and claim of the Defendants and of all persons claiming by, through, or under them in and to the same, be sold by

the United States Marshal for the Northern District of Indiana, in accordance with the laws governing foreclosure of real estate mortgages, without relief from valuation and appraisement laws; that at any such sale, the Marshal, upon request of the Plaintiff, is authorized to offer the aforementioned real estate for sale in parcels as well as a whole; and that the Marshal, after the Court's confirmation of sale, shall issue a Marshal's Deed to the purchaser or purchasers thereof; provided, however, that the interest acquired by the purchaser at the sale shall be subject to any lien of Starke County, Indiana, for real property taxes in regard to the real estate, and further subject to any lien of a municipality for sewer fees assessed against the real estate, which lien is duly and properly recorded in the Recorder's Office in the county in which the real estate is located prior to delivery of the deed to the purchaser.

6.  That the United States of America may become a purchaser at such sale of any part or all of the mortgaged property and may make payment therefor with such part of its judgment which was secured by the subject real estate.

7.  That the proceeds from the sale of the real estate described above shall be applied as follows:

    (a)  First, to the payment of all costs and accruing costs herein;

    (b)  Next, to the payment of the judgment in favor of the Plaintiff as specified in paragraph 2 above;

    (c)  Next, the overplus, if any, remaining after the payment of the foregoing, shall be paid to the Clerk of the Court to be disposed of as the Court shall thereafter direct.

8.      That the purchaser or purchasers at the sale shall be entitled to receive the deed to the real estate from the United States Marshal upon confirmation of the sale by the Court; and the deed or conveyance shall forever bar and foreclose all of the right, title and interest of each and all of the Defendants, and of all persons claiming by, under or through them in and to the real estate.

9.      In addition to issuing a deed or conveyance to the purchaser or purchasers, the United States Marshal, following the Court's confirmation of the sale, shall (if required by state law) provide the purchaser or purchasers with an appropriately completed disclosure form. For the purpose of completing said disclosure form, the United States Marshal shall be deemed the "Seller" of the foreclosed property.

SO ORDERED November 5, 2009.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION